# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REBECCA HAACK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIDLAND FUNDING, LLC, )<br>Defendant. ) | CIVIL ACTION NUMBER:<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action brought by the Plaintiff, REBECCA HAACK, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendant transacted business here, and the Plaintiff resides here.

## STATEMENT OF THE PARTIES

1. Plaintiff, REBECCA HAACK, is over the age of nineteen (19) years and is a resident of the city of Birmingham in Jefferson County, Alabama.

2. Defendant Midland Funding, LLC. is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of Delaware with its principal place of business in San Diego, California. Plaintiff asserts that, upon information and belief, Defendant Midland Funding, LLC is a debt collector as that term is defined by the Fair Debt Collection and Practices Act at 15 U.S.C. §1692(a)(6).

3. All events herein occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

### Background

4. On December 9, 2013, Defendant Midland Funding, LLC (hereinafter "Midland") filed suit against the Plaintiff in the District Court of Jefferson County, Alabama.

5. The lawsuit filed by Midland was assigned case number DV-13-906361 and was assigned to the Hon. John Amari.

6. Said account was a debt allegedly owed by Plaintiff to Citibank, an entity not a party to this lawsuit, as the result of the use of a credit card allegedly opened in 1995.

7. In its lawsuit, Midland claims that Citibank assigned "all right, title and interest" in a credit card account allegedly belonging to Plaintiff at some time prior to filing its Complaint and alleged "Breach of Contract" and "Account Stated" as causes of action in the Complaint.

8. Plaintiff was served with Midland's Complaint on September 3, 2014.

9. On September 19, 2014, Plaintiff filed an answer to Midland's Complaint and concurrently filed a motion for summary judgment along with an evidentiary affidavit.

10. The basis for the motion for summary judgment was that the relevant statute of limitations on the debt had expired.

11. The case and the motion for summary judgment were both set for October 27, 2014.

12. On October 9, 2014, Midland, through counsel, filed a motion to continue both the trial and hearing on the motion for summary judgment. This motion was not opposed and was granted.

13. On December 8, 2014, the case came for trial and the motion for

summary judgment was set to be heard before Judge Amari.

14. Midland never responded to the motion for summary judgment and, through counsel who attended, agreed to dismiss all of Midland's claims with prejudice.

15. Plaintiff alleges that the Defendant knew, or should have known, that the applicable statute of limitations had expired prior to its filing suit.

16. Plaintiff further alleges that Defendant, when it filed suit, could not prove and had no intention of proving any of its claims against the Plaintiff.

17. Plaintiff alleges that it is a pattern and practice of this Defendant to acquire debts allegedly owed by Alabama consumers and to file complaints in Alabama state courts against consumers when there is no competent evidence to support its claims and no intention of proving such claims. Rather, the business model of this Defendant is to hope that either an unrepresented consumer appears so that an agreement to pay Defendant can be reached or that the unrepresented consumer does not appear so that a default may be taken.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant Midland and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

20. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Midland in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

21. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO
## MALICIOUS PROSECUTION

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant Midland filed a civil action against the Plaintiff.

24. That action was instigated by the Defendant maliciously and without probable cause.

25. The civil action was terminated in favor of the Plaintiff.

26. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Midland in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendant's acts alleged herein, Plaintiff was caused to incur mental and emotional suffering, frustration, worry, anguish, embarrassment, inconvenience, physical pain, outrage and anxiety.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendant in statutory, compensatory and punitive damages, plus interest,

costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant's conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

### **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
Ms. Rebecca Haack
1054 Mesa Drive
Birmingham, AL 35235

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**MIDLAND FUNDING, LLC**
c/o Registered Agent
CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104